# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT JOSEPH ZANI,

      Petitioner,

v.                                        Case No. 09-CV-970

OLD FASHIONED FOODS, INC.,

      Respondent.

## DECISION AND ORDER

The petitioner, Robert Joseph Zani, who is currently an inmate at the Michael Unit, a correctional facility in Tennessee Colony, Texas, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, the petitioner contends that "non-duly convicted petitioner is being held in unconstitutional slavery, defacto financed by Old Fashioned Foods, Inc., in unconstitutional collusion with the TDCJ. (Texas Prison System, Huntsville, Texas)." (Petition at 2). In addition to the petition for a writ of habeas corpus, the petitioner filed a petition and affidavit to proceed without prepayment of fees and/or costs.

"[A] District Court may issue a writ only 'within its respective jurisdiction.'" *Kholyavskiy v. Achim*, 443 F.3d 946, 949 n.2 (7th Cir. 2006) (quoting 28 U.S.C. § 2241[a]). Thus, the proper venue for filing a § 2241 petition is the district in which the petitioner is confined. *Wyatt v. United States*, 574 F.3d 455 (7th Cir. 2009). The

petition states that the petitioner is incarcerated in Anderson County, Texas, and, thus, the proper venue for filing a § 2241 petition is the Eastern District of Texas.[1]

Section 1631 of Title 28 of the United States Code provides that an action or appeal filed in the wrong court shall be transferred, if it is in the interest of justice, "to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." Based on the allegations of the petition, the court finds that a transfer is not in the interest of justice.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's request to proceed *in forma pauperis* be and hereby is **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1] The petitioner specifically states that "[t]his is a Title 28 U.S.C. Sect. 2241 and 1651 case." It is neither a Title 28 U.S.C. Sect. 2254 case nor a Title 42 U.S.C. case. (Petition at 9A) (emphasis omitted).